# Exhibit # 20

**Office of Inspector General**
U.S. DEPARTMENT *of* STATE

May 13, 2026

Ms. Nicole A. Gray
119 Alwyn Boulevard
Summerville, SC 29485
**Sent via email:** nicoleanastasia@rocketmail.com

Dear Ms. Gray,

This letter is regarding the whistleblower complaint that you originally filed in January 2026 with the Office of Inspector General (OIG) under the contractor and grantee employee whistleblower protection program (41 U.S.C. § 4712). You alleged that you were terminated from your employment with Kelly Government Solutions (KGS), a subcontractor to CGI Federal (CGI) who held a contract with the Department of State (DOS) at the Charleston Passport Center, in violation of section 4712, which prohibits a contractor employer from discharging, demoting, or otherwise discriminating against an employee for making protected whistleblower disclosures.

For OIG to open an investigation of your complaint, OIG must determine that you made a nonfrivolous complaint, that it alleged a violation of the prohibition against taking an adverse personnel action as reprisal for making a protected disclosure, and that it has not been previously addressed in another federal or state judicial or administrative proceeding.[1] To be considered a protected disclosure, section 4712 requires you to have made a disclosure of information that you reasonably believe is evidence of gross mismanagement of a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a Federal contract or grant.[2]

In your complaint and subsequent interviews with OIG, you stated that you raised concerns to your employer regarding nepotism at the Passport Center. Specifically, in a September 10, 2025, email, you alleged that "multiple relatives are being hired across CGI federal contractors and DOS in the passport center, and ... this is not ethical or legal and [may] violate a US statute." However, this email does not qualify as a protected disclosure because it is not sufficiently specific nor detailed.

---

[1] 41 U.S.C. § 4712(b)(1).
[2] 41 U.S.C. § 4712(a)(1). In order to qualify as a protected disclosure, the allegations must be specific and detailed, not vague allegations of wrongdoing regarding broad or imprecise matters. *See Rzucidlo v. Dep't of the Army*, 101 M.S.P.R. 616, 621 (May 4, 2006). Conclusory, vague or unsupported allegations do not qualify as protected disclosures. *Redstock Consolidated v. Dep't of Homeland Security*, 122 M.S.P.R. 661, 668 (Sept. 29, 2015).

As you did not make a protected disclosure prior to your termination, your complaint failed to allege a violation of Section 4712. Therefore, your complaint does not fall within OIG's investigative authority under 41 U.S.C. § 4712, and we have closed your case.

If you believe that OIG's determination is incorrect, you have a right under the statute to file a de novo action in the appropriate district court.[3]

Sincerely,

Jeffrey McDermott
Assistant Inspector General
Office of Whistleblower Integrity & Special Projects

[3] 41 U.S.C. § 4712(c)(2).