# Exhibit # 7

*Official Use Only*
**Date Received:**

**Rev. 11/2025**

STATE ETHICS COMMISSION
201 Executive Center Drive
Suite 150
Columbia, SC 29210
ETHICS ACT COMPLAINT FORM

---

**Section 1. READ BEFORE COMPLETING THIS FORM:**

Investigative Authority: The Ethics, Government Accountability, and Campaign Reform Act (the Act) gives the State Ethics Commission (Commission) the authority to investigate complaints against candidates, public officials, public members, public employees, at the state or local government level in South Carolina as well as lobbyists, and lobbyist's principals.

The Commission has the authority to investigate violations of Title 8, Chapter 13 of the South Carolina Code of Laws, Title 2, Chapter 17 of the South Carolina Code of Laws, Title 59, Chapter 150 of the South Carolina Code of Laws, various provisions of Title 42, Chapter 3 of the South Carolina Code of Laws, and various provisions of Title 58, Chapter 3 of the South Carolina Code of Laws

Statute of Limitations: Pursuant to Section 8-13-320(9)(d) of the Act, the Commission cannot take action on a complaint more than four years after the violation is alleged to have occurred.

Blackout Period: Pursuant to Section 8-13-320(9)(b)(1) of the Act, no complaint may be accepted against a candidate for elective office during the fifty-day period before an election in which he is a candidate.

Please note that the Commission does not have the jurisdiction to investigate alleged violations of South Carolina's Freedom of Information Act, violations of the criminal code, instances of rude or discourteous treatment, federal officials, or violations of local ordinances, policies, or procedures.

**Section 2. PROCEDURES FOR SUBMITTING A COMPLAINT:**

Complaints must be submitted by mailing the original of a fully completed complaint form to the Commission at 201 Executive Center Drive, Suite 150, Columbia, SC 29210. Failing to completely fill out the complaint form will result in the form being returned to you without an investigation being opened. Complaint forms must be either typed or written in clear, legible handwriting.

Both the Complainant and the Respondent have the right to be represented by legal counsel of their choosing. If either the complainant and/or the respondent chooses to be represented by legal counsel, they do so at their own expense.

**Section 3. CONFIDENTIALITY:**

Complaint forms become public documents if the Commission finds probable cause that a violation of law has occurred. Please note that upon receiving a properly filed complaint form, the Commission will share an unredacted copy of the complaint with the Respondent whether or not an investigation is ordered.

**Section 4. COMPLAINT ACKNOWLEDGEMENT:**

Please check each circle to acknowledge that you have read and understand the following:

- ✓ I understand that I may be called to testify in an administrative or criminal proceeding should probable cause be found on this matter.
- ✓ I understand that I may be subpoenaed to sit for a deposition where I will be required to answer questions under oath.
- ✓ I understand that my name, address, and phone number will be shared with the Respondent.
- ✓ I understand that my name may be made public by the Respondent or the Commission.

**Section 5. CHECK THE POSITION OF THE PERSON AGAINST WHOM THIS COMPLAINT IS FILED:**

- ✓ Candidate for public office
- o Elected official at the state or local level
- o Employee of local or state government
- o Lobbyist
- o Lobbyist's Principal
- o Member of South Carolina Legislature
- o Public member (a person appointed to a part-time board, commission, or council at the state or local level)

**Section 6. COMPLAINANT AND RESPONDENT INFORMATION:**

| **I. PERSON BRINGING THE COMPLAINT (COMPLAINANT)** | | | | | |
|---|---|---|---|---|---|
| **Name:** | Sandy McGarry | | | | |
| **Address:** | 3423 Holden Rd | | | | |
| **City:** | Lancaster | **State:** | SC | **Zip Code:** | 29720 |
| **Telephone** | 954-821-4203 | **Email Address:** | | | |
| **II. PERSON AGAINST WHOM COMPLAINT IS BROUGHT (RESPONDENT)** | | | | | |
| **Name:** | Sylvia Wright | | | | |
| **Address:** | PO Box 24 | | | | |
| **City:** | Moncks Corner | **State:** | SC | **Zip Code:** | 29461 |
| **Telephone** | 803-574-1293 | | | | |

**Section 7. THE INFORMATION CONTAINED IN THIS COMPLAINT COMES FROM:**

- o Personal knowledge
- ✓ Media Reports
- o From a third-party
- ✓ Other
  - ✓ Please specify: Ethics Commission Website - Candidate Disclosures

**Section 9. VERIFICATION BY OATH OR AFFIRMATION - ORIGINAL NOTARY AND SIGNATURES REQUIRED:**

STATE OF SOUTH CAROLINA
COUNTY OF RICHLAND

Personally appeared before me Sandy McGary who, first being duly sworn, says that he has read and knows the contents of the above complaint and that the allegations contained therein, are true and correct to the best of his own knowledge, except for those matters therein based upon information and belief, and as to those he/she believes them to be true.

Sworn to and subscribed before me this 3rd day of Sept, 2026

Charlene A Hunter
Notary Public for South Carolina

My Commission expires 10-18-2030

CHARLENE A. HUNTER
Notary Public, State of South Carolina
My Commission Expires 10/18/2030

Sandy McGary
Complainant Signature

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE SOUTH CAROLINA STATE ETHICS COMMISSION |
| COUNTY OF ~~LEXINGTON~~ Richland Sm | ) | |
| | ) | |

For the reasons below, I file this Complaint against Sylvia Wright (Wright), a candidate for South Carolina Superintendent of Education, and request the South Carolina State Ethics Commission (Ethics Commission) investigate Wright for violations of multiple provisions of the State Ethics, Government Accountability, and Campaign Reform Act of 1991, S.C. Code Ann. § 8-13-100, et seq. (Ethics Act), including violations of § 8-13-1308(C) (certification of campaign disclosure reports), § 8-13-1312 (campaign bank accounts), § 8-13-1326 (campaign loans), § 8-13-1360 (required campaign disclosures), § 8-13-1314(A)(3) (contributions from registered lobbyists), § 8-13-1302(A)(6) (campaign contribution records), § 8-13-1308(D)(1) (pre-election campaign reports), § 8-13-1510(A)(1) (late filing penalties), and § 8-13-1120(A)(2) (disclosure of income received from governmental entities).

**PARTIES AND JURISDICTION**

1. I am a resident of Lancaster County, South Carolina.

2. Respondent Sylvia Wright (Wright) is a candidate for South Carolina Superintendent of Education.

3. At all relevant times, Wright was a "candidate" as defined by the Ethics Act.

4. Wright has filed Campaign Disclosure Reports (CDRs), Statements of Economic Interests (SEIs), and other required disclosures with the Ethics Commission.

5. Pursuant to S.C. Code Ann. § 8-13-1308(C), Wright is required to certify the correctness of the campaign reports she files with the Ethics Commission.

6. The Ethics Commission is the appropriate supervisory office with respect to Wright and has jurisdiction to investigate the allegations contained in this Complaint.

**FACTS UNDERLYING ETHICS ACT VIOLATIONS**

**Wright Has Repeatedly Filed Campaign Reports Showing Negative Campaign Account Balances**

7. S.C. Code Ann. § 8-13-1312 limits a candidate to one campaign checking account and one campaign savings account for each office sought.

8. S.C. Code Ann. § 8-13-1326 establishes requirements governing loans made to candidates, including that a loan to a candidate must be made pursuant to a written agreement.

9. S.C. Code Ann. § 8-13-1360 establishes the campaign disclosure form candidates must complete and requires disclosure of, among other things, campaign contributions, loans, expenditures, and balances.

10. S.C. Code Ann. § 8-13-1308(C) requires a candidate to certify the correctness of the campaign disclosure reports filed by the candidate.

11. Wright has filed multiple CDRs with the Ethics Commission reporting substantial negative ending campaign balances.

12. The first of these reports appears to be Wright's First Quarter 2025 CDR, as amended on June 4, 2026. That report reflects an ending balance of negative $18,912.08.

13. A campaign cannot continuously spend funds that it does not possess without some source of funds, credit, loan, or other financial transaction permitting those expenditures.

Accordingly, a campaign report reflecting a substantial negative balance necessarily raises questions as to whether all contributions, loans, expenditures, accounts, or other transactions have been accurately disclosed.

14. On July 27, 2026, The State newspaper reported that Wright acknowledged errors in her campaign reports, stating: "Some of Wright's filings were submitted with duplicate expenditures that inflate her spending and need to be amended, the candidate said."

15. More than one month after that report, Wright has not filed a further amendment to her First Quarter 2025 CDR correcting the reported negative ending balance.

16. A review of Wright's First Quarter 2025 CDR reveals three expenditures dated March 1, 2025 that appear potentially duplicative and total $11,100.00.

17. Even if all three of those expenditures are duplicates and should be removed from the report, Wright's First Quarter 2025 CDR would still reflect an ending balance of approximately negative $7,812.08.

18. Thus, the apparent duplicate expenditures identified publicly by Wright do not fully explain the negative balance she certified to the Ethics Commission.

19. The discrepancy raises additional questions concerning whether Wright failed to disclose one or more campaign loans, contributions, accounts, expenditures, or other financial transactions necessary to reconcile the campaign's reported receipts, expenditures, and cash on hand.

20. The First Quarter 2025 CDR is not an isolated occurrence. Each CDR Wright has filed since the First Quarter of 2025 has reported a negative ending balance.

21. Accordingly, Wright's campaign filings reflect an ongoing reporting discrepancy rather than a single mathematical or clerical error.

22. Wright's certification of campaign reports that do not accurately account for the campaign's financial activity appears to violate S.C. Code Ann. § 8-13-1308(C).

23. I respectfully request that the Ethics Commission investigate Wright's campaign bank records, including all checking and savings accounts, bank statements, loans, lines of credit, overdraft arrangements, deposits, contributions, and expenditures, to determine the actual source of funds used to pay expenditures during periods in which Wright reported negative campaign balances.

24. The Commission should further determine whether Wright maintained or utilized any campaign account not disclosed as required by § 8-13-1312, received any loan not properly documented or disclosed pursuant to § 8-13-1326, or failed to accurately disclose contributions, loans, or expenditures as required by §§ 8-13-1308 and 8-13-1360.

**<u>Contributions from Registered Lobbyist MaryRita Watson</u>**

25. S.C. Code Ann. § 8-13-1314(A)(3) prohibits a candidate from accepting campaign contributions from a registered lobbyist who engages in lobbying the office or body for which the candidate is seeking election.

26. On January 7, 2025, MaryRita Watson filed a Lobbyist Registration with the Ethics Commission for the 2025 filing period.

27. Watson's Lobbyist Registration identifies the South Carolina Education Association as her Lobbyist Principal and identifies her lobbying subject as Education.

28. Wright is a candidate for South Carolina Superintendent of Education.

29. Wright's campaign disclosure records show that Wright accepted four campaign contributions from MaryRita Watson during 2025.

30. Wright has not, to date, reported refunding those contributions.

31. Wright's campaign records further identify Watson's occupation as "Not Employed," notwithstanding Watson's registration with the Ethics Commission as a lobbyist for the South Carolina Education Association.

32. Watson's registration as an education lobbyist, coupled with Wright's candidacy for Superintendent of Education, provides sufficient grounds for the Ethics Commission to determine whether Watson engaged in lobbying the office for which Wright seeks election and whether Wright's acceptance of Watson's contributions violated S.C. Code Ann. § 8-13-1314(A)(3).

33. I respectfully request that the Ethics Commission investigate the four contributions, Watson's lobbying activities, and Wright's acceptance and retention of the contributions.

**Inaccurate Contributor Occupation Records**

34. S.C. Code Ann. § 8-13-1302(A)(6) requires candidates to maintain records concerning campaign contributions, including the occupation of persons making contributions as required by law.

35. As described above, Wright reported registered lobbyist MaryRita Watson's occupation as "Not Employed."

36. Watson's lobbyist registration demonstrates that this description was inaccurate.

37. The Watson contribution records are particularly significant because Wright's campaign has used the designation "Not Employed" with unusual frequency.

38. Wright's disclosure records list the occupation associated with 844 contributions as "Not Employed," representing approximately 41 percent of her contributions.

39. Wright separately reported the occupations associated with 16 contributions as "Requested," 185 contributions as "Retired," and 31 contributions as "Self-Employed."

40. The campaign's use of several different occupation categories demonstrates that "Not Employed" was not merely a default designation necessarily applied to every contributor for whom conventional employer information was unavailable.

41. Because at least one contributor identified by Wright as "Not Employed" was demonstrably a registered lobbyist, the extraordinarily high number of other contributors reported under the same designation warrants further examination.

42. I respectfully request that the Ethics Commission investigate whether Wright maintained the contributor records required by § 8-13-1302(A)(6), whether the campaign made the inquiries necessary to obtain accurate occupation information, and whether additional contributors were inaccurately identified as "Not Employed" or otherwise inaccurately reported.

**Wright Filed Her Pre-Primary Campaign Report Ten Days Late**

43. S.C. Code Ann. § 8-13-1308(D)(1) requires a candidate to file a campaign disclosure report fifteen days before an election.

44. Wright appeared on the ballot in the June 9, 2026 primary election for Superintendent of Education.

45. Wright was therefore required to file a Pre-Election (Primary) Report in advance of the June 9, 2026 primary.

46. The deadline for Wright's timely filing of that report was May 25, 2026.

47. Wright did not file her Pre-Election (Primary) Report until June 4, 2026.

48. Wright's report was therefore filed ten days after the statutory deadline and only five days before the primary election.

49. S.C. Code Ann. § 8-13-1510(A)(1) provides for a fine when a required report remains unfiled more than five days after the applicable deadline.

50. Accordingly, Wright failed to timely file the campaign report required by § 8-13-1308(D)(1), and the Commission should impose any penalty required or authorized by § 8-13-1510.

**Wright Failed to Properly Disclose Income From a South Carolina Governmental Entity**

51. S.C. Code Ann. § 8-13-1120(A)(2) requires a filer to disclose the source, type, and amount of income received from a governmental entity as required by the Ethics Act.

52. S.C. Code Ann. § 8-13-100 defines a governmental entity to include political subdivisions of the State.

53. On March 30, 2026, Wright filed Statements of Economic Interests for reporting years 2024 and 2025.

54. On both SEIs, Wright disclosed income received from Dorchester School District Four.

55. Wright reported the Dorchester School District Four income in the Private Income category.

56. A South Carolina public school district is a governmental entity or political subdivision rather than a private source of income.

57. Wright therefore should have disclosed the Dorchester School District Four income in the portion of her SEIs applicable to income received from a South Carolina governmental entity, rather than reporting the income as private income.

58. Reporting this income in the private-income category avoided the additional disclosure applicable to income received from a South Carolina governmental entity.

59. Because Wright made the same classification on both her 2024 and 2025 SEIs filed on March 30, 2026, the error appears on multiple certified disclosures rather than a single filing.

60. I respectfully request that the Ethics Commission investigate Wright's disclosure of income received from Dorchester School District Four and determine whether Wright violated S.C. Code Ann. § 8-13-1120(A)(2) or any other applicable provision of the Ethics Act.

**CONCLUSION**

For the reasons stated above, I respectfully request that the Ethics Commission investigate Sylvia Wright for violations of S.C. Code Ann. §§ 8-13-1308(C), 8-13-1312, 8-13-1326, 8-13-1360, 8-13-1314(A)(3), 8-13-1302(A)(6), 8-13-1308(D)(1), 8-13-1510(A)(1), 8-13-1120(A)(2), and any other violation of the Ethics Act the Ethics Commission might uncover in its investigation or otherwise.

Respectfully submitted,

**Sandy McGarry**

Sandy McGarry